IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. Cr. S-02-306 DFL DAD |
| Plaintiff, | Memorandum of Opinion and Order |
| v. | |
| DANIEL RAY LAJOCIES, | |
| Defendant, | |
| and | |
| JOSE ROBERTO VELLEZA, and DENNIS R. and JANET M. HORTON, | |
| Sureties. | |

Sureties Jose Roberto Velleza and Dennis and Janet Horton move to set aside bail forfeiture. In 2002, to secure the release of defendant Daniel Ray LaJocies, Velleza posted an unsecured $25,000 Vaccaro bond, and the Hortons posted a $25,000 Vaccaro bond secured by their real property. Velleza also agreed to be LaJocies's third-party custodian.

1

One of the terms of LaJocies's release was that he not use controlled substances. The sureties knew of this release condition and agreed in writing that "if defendant fails to obey and/or perform any of these conditions whatsoever, the bond can be forfeited." On March 11, 2003, Magistrate Judge Hollows found that LaJocies had violated the terms of his release by using methamphetamine. Accordingly, on September 21, 2006, this court ordered the bonds forfeited.

Violation of a release condition is grounds for bail bond forfeiture. United States v. Vaccaro, 51 F.3d 189, 191 (9th Cir. 1995) (citing Fed. R. Crim. P. 46(e)(1)). Nevertheless, under Fed. R. Crim. P. 46(f)(2) and (4), the court has discretion to set aside or remit any portion of a bond forfeiture if justice so requires. See United States v. Castaldo, 667 F.2d 20, 21 (9th Cir. 1981); United States v. Abernathy, 757 F.2d 1012, 1015 (9th Cir. 1985). "A trial court should consider several factors when deciding whether to remit or set aside a forfeiture, including 1) the willfulness of the defendant's breach of conditions; 2) the participation of the sureties in apprehending the defendant; 3) the cost, inconvenience and prejudice suffered by the government as a result of the defendant's breach; and 4) any explanation or mitigating factors presented by the defendant." Castaldo, 667 F.2d at 21.

The sureties assert that the breach here was less than willful because LaJocies was addicted to methamphetamine. They also argue that the government was not prejudiced by LaJocies's drug use. Finally, the Hortons submit two letters attesting to their good intentions – one from the Rev. Richard D. McCoy,

their pastor, and the other from Dennis Horton himself.  Both letters also assert that the Hortons are not members of the Hell's Angels motorcycle gang.

    The government asserts that LaJocies's use of drugs was willful, that the government is unaware of any attempt by the sureties to prevent LaJocies from violating the terms of his release, and that the sureties have failed to identify any mitigating factors.  Finally, the government argues that setting aside the forfeiture would send a message that defendants may violate release terms without consequence to their sureties.

    In the circumstances presented here, the court finds partial remission to be appropriate.  On the one hand, LaJocies's breach caused no prejudice to the government and little if any harm to the public.  On the other hand, Velleza was a third-party custodian, and there is no evidence that he discharged his duties.  His willingness to accept the appointment and post his bond was an indication to the court that he knew LaJocies, could vouch for him, and would supervise him.  There is no indication that Velleza took any steps to notify the government of LaJocies's methamphetamine use.  Nor is there any indication that he was ignorant of LaJocies's drug habit before agreeing to act as third-party custodian.  Accordingly, the court ORDERS that $10,000 BE REMITTED to Velleza.

/
/
/
/
/

As for the Hortons, by putting up secured property they were assuring the court that they knew LaJocies and had confidence in him on release. As it turns out, they barely knew him. It was reckless of them to post their property, and misleading to the court. Accordingly, the court ORDERS that $10,000 BE REMITTED to the Hortons.

IT IS SO ORDERED.
Dated:  March 21, 2007

                                          /s/ David F. Levi_____
                                          DAVID F. LEVI
                                          United States District Judge